**CLEVELAND-CLIFFS IRON CO. v. ROUT-ZAHN, Collector of Internal Revenue.**

District Court, N. D. Ohio, E. D. February 10, 1927.

No. 13656.

1. **Internal revenue** ☞9(5)—**Iron company, operating boats to transport ore as incident to prosecution of its business, held not "common carrier," within Revenue Acts (Revenue Acts 1917 and 1918, §§ 500, 501, subd. [c]).**

Iron company, operating boats for transportation of ore as incident to prosecution of business and execution of its charter powers, *held* not "common carrier," within Revenue Acts of 1917 and 1918 (40 Stat. 314, 315, 1101, 1102) §§ 500, 501, in view of Revenue Act 1918, § 501, subd. (c), so that tax under such sections was wrongfully assessed and exacted.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Common Carrier.]

2. **Internal revenue** ☞9(5)—**Commissioner of Internal Revenue cannot extend provisions of Revenue Act to include those not mentioned therein as carriers (Revenue Act 1917).**

Commissioner of Internal Revenue cannot adopt regulations construing the word "carrier," as used in Revenue Act of 1917, to extend plain provisions of act to include those not mentioned therein as subject to tax imposed.

**3. Statutes ⊛⇒211—Title of Revenue Act may aid in determining purpose of tax and construction to be placed on act.**

Title of Revenue Act, though not conclusive as to purpose of tax, may aid in determining intention of Congress and construction to be placed on provisions of act.

**4. Internal revenue ⊛⇒9(5)—Revenue Act provision for tax for transportation held applicable to common carriers, unless other agencies are expressly included (Revenue Acts 1917 and 1918, §§ 500, 501).**

Revenue Acts 1917 and 1918 (40 Stat. 314, 315, 1101, 1102) §§ 500, 501, relative to tax for transportation, *held* to relate and apply to common carriers, except where other agencies are by express language included.

At Law. Action by the Cleveland-Cliffs Iron Company against Carl F. Routzahn, Collector of Internal Revenue. Judgment for plaintiff.

Andrews & Belden, of Cleveland, Ohio, for plaintiff.

A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, for defendant.

JONES, District Judge. This is an action at law to recover taxes paid to the United States under protest. By stipulation of the parties, a jury was waived and the case tried to the court.

The claim of the plaintiff is that the Commissioner of Internal Revenue has wrongfully assessed and exacted a tax for the transportation of its iron ore in its own vessels on the Great Lakes; that this was done by the Commissioner under the alleged authority of the Revenue Acts of 1917 and 1918, under sections 500 and 501 thereof, within the provisions of which plaintiff claims this transportation did not come; that these sections of the Revenue Acts apply to a common carrier, which it was not.

The plaintiff is an Ohio corporation, authorized by its corporate charter to own and operate such vessels as are deemed necessary or convenient to provide proper facilities for the transportation of ores, minerals, or articles produced, manufactured, or dealt in by the company. It has transported and does transport some quantities of coal and grain for others, and did carry exchange cargoes of ore during the period for which the tax was assessed. The plaintiff avers that the coal carried up the Lakes on return voyages was largely for its own mine operations, although in slack seasons and periods it had carried coal for others; that the exchange ore cargoes carried were for convenience and accommodation, and not as a business, nor in competition with carriers by rail or water. The tax upon the transportation of freight

and commodities moved for others was collected and paid to the United States during the years in which received.

[1] If the plaintiff was not a common carrier within the purview of the Revenue Acts of 1917 and 1918, the tax sought to be recovered was wrongfully assessed and exacted. From the evidence, it appears that the plaintiff's boats were not operated as a separate and distinct entity, apart from the company itself or its business. Their purpose and employment was incident to the prosecution of its business and the execution of its chartered powers. Spreckels Sugar Refining Co. v. McClain, 192 U. S. 397, 24 S. Ct. 376, 48 L. Ed. 496. No freight was charged or collected for the transportation of its own commodities. Its investment in vessels was a very small percentage of its total assets. The receipts from freight moved for others constituted an insignificant sum with relation to its business returns for the periods in question. It was not authorized nor empowered by its articles of incorporation to engage in business as a common carrier, and, from the evidence before me, it cannot be seriously urged that it was one in fact. Its business was mining ore and bringing it to market in the same sense that a farmer raises and brings his crops and produce to available markets. If the farmer occasionally hauls his neighbor's produce and charges him for it, he would not thereby constitute himself a common carrier for hire, in competition with others who made a business of it. The plaintiff was not a carrier for hire, under the plain and ordinary understanding of such an agency for public transportation.

The pertinent part of the Revenue Act of 1917 (40 Stat. 314, 315) and the sections here in question are:

"Sec. 500. That from and after the first day of November, nineteen hundred and seventeen, there shall be levied, assessed, collected, and paid (a) a tax equivalent to three per centum of the *amount paid for the transportation by rail or water* or by any form of mechanical motor power *when in competition with carriers by rail or water of property by freight* consigned from one point in the United States to another. * * * "

"Sec. 501. That the taxes imposed by section five hundred shall be paid by the person, corporation, partnership, or association paying for the services or facilities rendered.

"*In case such carrier does not,* because of its ownership of the commodity transported, or for any other reason, receive the amount which *as a carrier* it would otherwise charge,

*such carrier* shall pay a tax equivalent to the tax which would be imposed upon the transportation of such commodity if the carrier received payment for such transportation. * * * "

The sections of the Revenue Act of 1918 (40 Stat. 1101, 1102) are:

"Sec. 500. That from and after April 1, 1919, there shall be levied, assessed, collected, and paid in lieu of the taxes imposed by section 500 of the Revenue Act of 1917—

"(a) A tax equivalent to 3 per centum of *the amount paid for the transportation* on or after such date, by rail or water or by any form of mechanical motor power *when in competition with carriers by rail or water,* of property by freight transported from one point in the United States to another; * * * "

"Sec. 501. (a) That the taxes imposed by section 500 shall be paid by the person paying for the services or facilities rendered. * * *

"(c) The taxes imposed by section 500 shall apply to all services or facilities specified in such section *when rendered for hire,* whether or not the agency rendering them is a common carrier. *In case a carrier* (other than a pipe line) *principally engaged in rendering transportation* services or facilities for hire does not, because of its ownership of the goods transported, or for any other reason, receive the amount which as a carrier it would otherwise charge, such carrier shall pay a tax equivalent to the tax which would be imposed upon the transportation of such goods if the carrier received payment for such transportation. * * * "

The Commissioner of Internal Revenue adopted regulations construing the word "carrier," used in the 1917 act, to mean any person, corporation, partnership, or association who, or which, for hire furnishes any of the transportation services or facilities described or referred to in the subdivision of section 500 of the act, and further construed the act as applying to those engaged in logging, manufacturing, or any other business, who, for the account of himself, or itself, furnishes any of the services or facilities described or referred to in the subdivisions of section 500 of the act. The plaintiff complains that, under the interpretation placed upon the Revenue Act of 1917 by the regulations adopted by the Commissioner, it has been treated as being a carrier, and that these articles of the Commissioner's regulations clearly undertake to alter the meaning and enlarge the scope of the law.

[2, 3] It would seem to be quite apparent that the regulations of the Commissioner as to the 1917 act clearly undertake to extend the plain provisions of the act to include those not mentioned therein as subject to the tax imposed. This he cannot do. Morrill v. Jones, 106 U. S. 466, 1 S. Ct. 423, 27 L. Ed. 267; Robinson v. Lundrigan, 227 U. S. 173, 33 S. Ct. 255, 57 L. Ed. 468; Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211; United States v. Merriam, 263 U. S. 179, 44 S. Ct. 69, 68 L. Ed. 240, 29 A. L. R. 1547. The obvious purpose of the tax is reflected in its title, which, while not conclusive, may be an aid to determining the intention of Congress and the construction to be placed upon the provisions thereof. It is: "Title V. War Tax on Facilities Furnished by Public Utilities, and Insurance."

I cannot find as a fact, from the evidence, that this plaintiff was either a public utility or a common carrier, and it is my view that the provisions of the 1917 act are not applicable to the plaintiff and the transportation furnished by its own vessels.

By section 501, subdivision (c), of the Revenue Act of 1918, a tax was expressly imposed upon all services or facilities specified in section 500 thereof *when rendered for hire,* whether or not the agency rendering them is a common carrier. This subdivision would seem to clearly include transportation rendered for hire to others when in competition with carriers by rail or water. The fact that Congress specifically and expressly imposed a tax on services and facilities *when rendered for hire,* whether or not the agency rendering them was a common carrier, constitutes persuasive evidence that it was not intending to impose a tax on agencies, other than common carriers, when furnishing services or facilities incident to the prosecution of their own business, for which no charge was made or collected. If it had so intended, it would have been easy to have expressly said so.

This construction of a taxing statute finds further support in the reasoning of the Circuit Court of Appeals in H. H. Motter, Collector, v. Derby Oil Co. (No. 7152, December Term, 1926, 8th C. C. A.) 16 F.(2d) 717, wherein a tax imposed upon the "transportation of oil by a pipe line" was upheld under section 501 (d) of the Revenue Act of 1918. This subdivision expressly applied "to all transportation of oil by pipe line," with no mention of whether transported *for hire,* or for the producers of the oil. It was there held that congressional intention to include within the subjects of the tax *all transportation of oil by pipe line* appeared from the

comprehensive and inclusive terms employed. No exception was made. The subdivision (d) made it clear that the transportation by pipe line was not confined to oil *transported for hire*. While this decision reversed the District Court of Kansas, whose opinion furnished strong support for the principles here contended, yet the issues there were not identical with those of the case at bar, where, under section 501 (c), the tax is expressly imposed upon services or facilities *rendered for hire*.

[4] Adhering to the plain wording of these taxing statutes, I cannot find therein the imposition of a tax upon the privilege of transporting one's own commodities in one's own vessels, which, under the evidence, were owned and operated for that purpose. As to such transportation, this taxpayer does not come within the letter of the law, and is entitled to recover taxes levied and paid therefor. It is my opinion that these sections of the Revenue Acts relate and apply to common carriers, except where other agencies are by express language included therein.

In view of the conclusion reached by the court upon the issues herein considered, there is no need to consider the further claim of the plaintiff that, if it is made subject to the tax, applicable sections of the law are unconstitutional.

An order may be drawn, entering judgment for the plaintiff as prayed.