## OLOF NYBERG v. LITTLE FALLS BLACK GRANITE COMPANY AND ANOTHER.[1]

October 12, 1934.

No. 29,940.

*Sweet, Johnson & Sands* and *Roy J. Brumfield,* for relators.
*Frederick J. Miller* and *Leonard L. Sumner,* for respondent.

*LORING, Justice.*

This case comes here on a writ of *certiorari* to review the decision of the industrial commission denying the motions of the employer and insurer to dismiss the proceedings.

November 16, 1926, the petitioner suffered a disability which he claims was due to an injury received in an accident arising out of and in the course of his employment. December 30, 1926, the employer filed with the industrial commission a report of the injury, and the insurer paid the petitioner $140 for seven weeks' disability and likewise paid substantial medical and hospital expenses. Final

[1]Reported in 256 N. W. 732.

receipt was filed pursuant to the provisions of 1 Mason Minn. St. 1927, § 4295. From March, 1927, to November, 1928, the petitioner made repeated requests for further compensation on account of the injury of November 16, 1926, and on January 21, 1929, the employer and insurer filed with the commission a denial of liability. The ground of the denial was that the disability of the employe was not due to accidental injury arising out of and in the course of his employment. No citation was ever issued or hearing had upon the petitioner's claim, and nothing was ever paid thereon. November 7, 1932, the petitioner filed a petition for compensation benefits, which was referred to a referee, with whom the parties filed a stipulation of facts. The employer and insurer moved to dismiss on the ground that the proceeding was barred by 1 Mason Minn. St. 1927, § 4282, which limits the commencement of actions or proceedings by injured employes to a two-year period after the employer has made written report of the injury to the industrial commission, "but not to exceed six years from the date of the accident." The petition of November 7, 1932, was more than two years after the filing of the report and less than six years after the accident. The respondent contends, and the commission decided, that what was done in 1926 and 1927 where, by agreement, he received seven weeks' compensation and medical and hospital expenses for which final receipt was filed, constituted a proceeding under the provisions of 1 Mason Minn. St. 1927, § 4319, which confers continuing jurisdiction upon the commission to grant a new hearing and to determine the matter on its merits and to make such findings of fact and conclusions of law and award, or to disallow compensation, as the subject matter may require. If this contention is sound, it is conceded that the denial of the motions to dismiss must be affirmed.

This court has held that the compensation act should receive a broad and liberal construction in the interest of workmen to carry out its policies. 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 10385, and cases cited under note 4. 1 Mason Minn. St. 1927, § 4295, requires the filing of all current interim and final receipts for the payment of compensation and provides further:

"And it is hereby made the duty of the industrial commission periodically to check the records of such commission in each case, and require such employers to file or cause to be filed all such receipts for compensation payments as and when due, it being the intention of this section that the industrial commission shall definitely supervise and require prompt and full compliance with all provisions for the payment of compensation as required by law."

Where, as in this case, in its inception, there was apparently no controversy as to liability and payments were made and receipts filed, it was nevertheless the duty of the commission definitely to supervise the payment of compensation and to see that the employe's rights were fully protected. The final receipt is a comprehensive report of the history of the case, which it is the duty of the commission to review and to determine whether the employe has received his due. Balf v. Peterson Art Furniture Co. 6 Minn. Work. Comp. Dec. 177. In effect the commission has full charge and control of the transaction, and in our opinion the adjustment of compensation, under the supervision of the commission, amounts to a proceeding within the purview of § 4319. To hold otherwise would be to put at a disadvantage the employe who reaches an agreement as to his compensation as compared with one who institutes a controversy. We cannot believe the legislature so intended.

The writ is discharged, and the decision of the commission is affirmed. The petitioner may tax $100 in addition to statutory costs and disbursements.