MICHAEL E. LUNZER v. W. F. BÜTH & COMPANY.[1]

June 21, 1935.

No. 30,407.

*Nordlin & Oliver*, for relator.
*Sarah Gensler Schwartz*, for respondent.

STONE, JUSTICE.

*Certiorari* to the industrial commission to review an award of workmen's compensation.

Mr. Lunzer, the employe, was injured June 13, 1927. Until October 22, 1927, he was totally disabled but was paid his full wage, together with all his medical expenses. It is agreed that there has now developed permanent disability entitling him to additional compensation if his claim is not barred by 1 Mason Minn. St. 1927, § 4282, reading as follows:

"The time within which the following acts shall be performed under part 2 of this act shall be limited to the following periods, respectively: (1) Actions or proceedings by an injured employe to determine or recover compensation; two years after the employer has made written report of the injury to the Industrial Commission, but not to exceed six years from the date of the accident."

The statute, in substance, fixes six years from the date of the accident as the period within which a proceeding for compensation

[1]Reported in 261 N. W. 477.

must be commenced, but gives the employer the right to shorten that period to two years by his "written report of the injury" to the commission. The law is susceptible of no other interpretation. In Schonberg v. Zinsmaster Bak. Co. 173 Minn. 414, 217 N. W. 491, the proceeding was commenced within the six years. We held it not affected by the shorter limitation, then one year, because the employer had not made the written report required by the statute.

What took place in this case between the injured employe and his employer did not constitute a proceeding or any part of a proceeding before the industrial commission within the rule of Nyberg v. Little Falls Black Granite Co. 192 Minn. 404, 256 N. W. 732. In the language of Commissioner Debel, who dissented from the order now under review, "the commission had no part" in, and "no knowledge" of, that transaction. Hence it "cannot properly be characterized as proceedings or an award within the meaning of the statute (1 Mason Minn. St. 1927, § 4319) so as to furnish a sufficient basis for a reopening."

True, it is the duty of the employer, under 1 Mason Minn. St. 1927, § 4293, to make a report of every industrial accident. There is a penalty of $50 for every failure to make such report. When such a report is made the injured employe is notified by the commission of his rights in the matter. The administrative and protective purpose of the requirement of notice is plain, but it is equally clear that it does not in any way qualify the absolute character of the six-year limitation of 1 Mason Minn. St. 1927, § 4282, which is a statute of repose. That being so, there is no basis for the argument that the failure of the employer to make a report resulted in an estoppel, as claimed in argument for the respondent.

Order reversed.

DEVANEY, CHIEF JUSTICE, took no part in the consideration or decision of this case.