MATT MATTSON v. OLIVER IRON MINING COMPANY.[1]

October 15, 1937.

No. 31,272.

1Reported in 275 N. W. 403.

36

*George H. Lommen* and *Fred A. Cina,* for relator.

*Dennis F. Donovan,* for respondent.

HILTON, JUSTICE.

*Certiorari* to the industrial commission to review its decision denying workmen's compensation to the relator, a former employe of the respondent.

Relator was injured January 31, 1924, while working for the respondent. As a result of, and immediately following, the accident, relator suffered a disability which had continued up until the present proceedings were started and for which he now seeks compensation. He was given medical attention for a few months after the injury and continued working at his full wage from the time of his injury until he was laid off some three or four months later. He also worked a few months during 1925 at the same wage. He has never received or made a claim for compensation until this proceeding was commenced in August, 1935. The respondent reported the accident to the industrial commission within a month after it occurred.

Relator's claim for compensation was disallowed on the ground that it is barred by 1 Mason Minn. St. 1927, § 4282, and the only question now to be determined is whether it is so barred.

The pertinent part of § 4282 ·is as follows:

"The time within which the following acts shall be performed under part 2 of this act shall be limited to the following periods, respectively:

"(1) Actions or proceedings by an injured employe to determine or recover compensation; two years after the employer has made written report of the injury to the Industrial Commission but not to exceed six years from the date of the accident."

In this case respondent filed the required written report with the industrial commission, and has thus shortened the period of limitation to two years.

The case has been submitted on the original record, which sustains the conclusion that relator's claim is barred. His disability has existed from the time of the accident until the commencement of these proceedings. He claims that the filing of the written notice of injury by the employer with the commission constitutes an action or proceeding within the meaning of the statute. It is, however, only necessary to make a brief reference to the statute itself to refute this contention. It specifically provides that the period of limitation for actions or proceedings to determine or recover compensation shall be two years if the employer has made a written report to the commission. Clearly, then, the making of such a report is not to be deemed a proceeding as that term is used in the statute, or the provision in question would be meaningless.

The furnishing of medical care by the respondent to the relator did not constitute a proceeding. Lunzer v. W. F. Buth & Co. 195 Minn. 29, 261 N. W. 477. That case involved substantially the same facts as those now before us except that a written report of the accident was not made to the commission, and the period of limitation was therefore six years. As there pointed out, what took place between the injured employe and his employer did not constitute a proceeding or any part of a proceeding before the industrial commission. The commission had no part in it and no knowledge of the transaction.

It must be held that relator's claim is barred.

Affirmed.

Mr. Justice Loring took no part in the consideration or decision of this case.