## CARL MOHRLANT v. LAMPLAND LUMBER COMPANY AND ANOTHER.[1]

May 24, 1946.

No. 34,168.

*Arthur E. Shanahan* and *Francis M. Smith,* for relator.
*Reynolds & McLeod,* for respondents.

LORING, CHIEF JUSTICE.

This case is here on certiorari. A claim petition was filed with the industrial commission. The matter was referred to and heard by a referee, who made findings dismissing the claim. On appeal, the commission adopted and affirmed the ruling of the referee.

[1]Reported in 23 N. W. (2d) 172.

Relator was employed as a cabinetmaker by the Lampland Lumber Company. It is conceded that on March 28, 1936, he sustained a personal accidental injury which arose out of and in the course of his employment. He went to a Dr. Bell, who told him that he had suffered a hernia and recommended an operation. After reporting this to the employer, relator was sent to Dr. Robert M. Burns, who treated the injury with injections for a period of about three years. After the treatments were discontinued, he saw the relator two or three times. As a result of an examination on May 24, 1944, he advised that relator have an operation. On July 3, 1944, after another examination, Dr. Burns made a medical report which was filed with the industrial commission, apparently by the doctor. A duplicate copy was transmitted to the insurer. There are in evidence certain other "progress reports" which passed between Dr. Burns and the insurer. The report of July 3, 1944, was the only one filed with the industrial commission. Dr. Burns was paid $75 by the insurer on April 30, 1942, for his services. The insurer specifically stated that payment was not to be construed as a waiver of the statute of limitations.

The employer had statutory notice of the accident and filed a no-disability accident report with the commission on April 7, 1936. After a long period of treatment under the direction of Dr. Burns, the employer and insurer denied liability. On December 9, 1944, the claim petition was filed. The basis on which the referee and the commission denied the claim was that the statute of limitations had run.

The issue here is whether the statute of limitations constituted a bar to the action. The workmen's compensation act limits actions or proceedings by an injured employe to determine or recover compensation to two years after the employer has made a written report of the injury to the commission, but not to exceed six years from the date of the injury. Minn. St. 1941, § 176.18 (Mason St. 1927, § 4282).

Since the report was filed by the employer on April 7, 1936, this action is barred unless an action or proceeding was begun within

two years of the filing of the employer's report. No action was begun, and it is relator's contention that either there was a proceeding within the rules of Nyberg v. Little Falls Black Granite Co. 192 Minn. 404, 256 N. W. 732, and Rasmussen v. City of St. Paul, 215 Minn. 458, 10 N. W. (2d) 419, or that the employer waived the defense of the limitation statute and that the proceeding begun December 9, 1944, was not barred.

■ The rule of Mattson v. Oliver I. Min. Co. 201 Minn. 35, 37, 275 N. W. 403, 404, is applicable, where we held that neither the filing of a written accident report with the industrial commission by the employer nor the furnishing by him of medical care to the employe constitutes a proceeding before the industrial commission. "* * * what took place between the injured employe and his employer did not constitute a proceeding or any part of a proceeding * * *."

In the Nyberg case, the employer filed a report of the accident with the industrial commission as in the case at bar. There, by agreement, the insurer paid petitioner $140 for seven weeks' disability besides substantial medical and hospital expenses, and the final receipt was filed with the commission. The employe later claimed additional compensation, but more than two years had elapsed since the accident. The employer and insurer filed a denial of liability with the commission. A claim petition was filed, and the two-year statute of limitations was set up as a bar. This court held that the adjustment of compensation under the supervision of the commission within the two-year period amounted to a proceeding.

In the Rasmussen case, the employe suffered an injury reported and conceded by the employer to be compensable. The employe was paid compensation, and reports were filed with the industrial commission from time to time on the history of the case and its development. The commission could determine whether the employe's rights had been fully protected and full compensation given, and it was held to be a proceeding. Both cases are to be distinguished from the Mattson case and the case at bar by the fact

that compensation was paid and medical progress reports were filed *with the industrial commission* during the period required by the limitation statute. The commission had knowledge of each situation and exercised its supervision.

Here, there was no relation whatsoever between the commission and the other parties. Relator dealt with the employer and its insurer entirely. Clearly, there was no proceeding before the commission within the two-year period.

■ Since the filing of the medical report could not have been on behalf of respondents, there is no merit in relator's argument that the filing of the medical report of July 3, 1944, constituted a waiver of the limitation statute. Pruka v. Maroushek, 182 Minn. 421, at 424, 234 N. W. 641, at 642. See, also, Blankholm v. Fearing, 222 Minn. 51, 22 N. W. (2d) 853.

Affirmed.