THORVAL KROSSEN v. OLIVER IRON MINING COMPANY.

85 N. W. (2d) 193.

August 16, 1957—No. 36,993.

*Harry H. Peterson* and *Victor Gran,* for relator.
*W. O. Bissonett,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Certiorari to review a decision of the Industrial Commission denying compensation to employee, Thorval Krossen.

On appeal employee contends that the evidence compelled a finding that he was injured in an accident arising out of and in the course of his employment "on or about March 28, 1952," and that under the procedure followed thereafter his claim for compensation filed April 25, 1955, was not barred by virtue of M. S. A. 1949, § 176.18(1), because not filed within two years of the date of employer's report of the accident to the Industrial Commission on April 10, 1952.

The commission determined that the employee was in the employment of Oliver Iron Mining Company on March 28, 1952, but that he did not suffer an accident on that date; that on March 30, 1952, he sustained an injury to his back in the course of his employment which disabled him for approximately five days; that employer reported such accident to the Industrial Commission on April 10, 1952; that thereafter employee resumed work until his employment was terminated May 22, 1954, because of work shortage; that no payments of compensation on account of such accident were ever demanded by or paid to employee; that employee's petition in the present proceedings was not filed until April 25, 1955, more than two years subsequent to the filing of employer's written report of the injury with the Industrial Commission; and that hence employee's claim for compensation was barred by virtue of § 176.18(1).

At the hearing before the commission, employee's uncontradicted testimony was to the effect that, in the course of his employment on

March 28, 1952, while raising a metal barrel filled with grease and weighing between 80 and 100 pounds to the platform of a switch engine, he had felt a severe pain in his back; that thereupon the brakeman of the switch engine had come to his assistance and helped him load the barrel on the engine; that on March 30, 1952, while shoveling crushed rock for employer, he had felt a pain in the same region of his back which was so severe that it had caused him to get down on his knee; that the first injury was reported to his foreman, Emil Voutila, and the second to another foreman, Tage Carlstrom; that Voutila had advised him that he would make out a report of the first accident but that he had told Voutila that perhaps that wasn't necessary.

Voutila testified that he had no recollection of this conversation and that his examination of the employer's records indicated that employee had not worked on Voutila's shift at any time on March 28, 1952. Carlstrom testified that employee had advised him of the back injury sustained March 30, 1952, and that he had filed a written report thereof with the employer at that time.

Medical testimony was submitted to the effect that the disability suffered by employee subsequent to May 22, 1954, was due to an injury to a disc in his back; that in the opinion of the medical expert this injury was sustained by employee at the time of the first accident on March 28, 1952; that it had been aggravated by the second accident March 30, 1952; and that it had resulted in a 25-percent permanent partial disability to employee. Subsequent to the accident of March 30, 1952, described, with the exception of five days immediately thereafter, employee had continued his employment doing light switching work until termination thereof as above described.

Employer denied that employee had suffered any injury on March 28, 1952, and further denied that he was disabled as a result of the accident on March 30, 1952. At the hearing before the commission, the engineer, fireman, and brakeman on the switching engine which employee was loading on March 28, 1952, did not testify or appear. Employer presented the testimony of its assistant superintendent, Edward C. Silver, who testified that Carlstrom had reported the accident on March 30, 1952; that therein it was set forth that employee had suffered a "kink" in his back while shoveling around the switch on

that date; that there was nothing therein or in any other report to the effect that employee had been injured while lifting a barrel of grease at any time.

The evidence disclosed that employee left his employment on or about March 31, 1952, for a visit to his home in Oklee where his wife was ill; that after he returned to work on April 7, 1952, he remained in the foreman's shack until April 15, 1952; and that he resumed light switching on April 16, 1952, and continued therein until the termination of his employment.

The commission held the present action barred by § 176.18 which provided:

"The time within which the following acts shall be performed shall be limited to the following periods, respectively:

"(1) Actions or proceedings by an injured employee to determine or recover compensation, two years after the employer has made written report of the injury to the industrial commission but not to exceed six years from the date of the accident;"

It is conceded that no formal claim petition was filed with the commission during the two-year limitation period provided for in § 176.18(1), but employee contends that the payment of his medical expenses arising from the accident, as well as the payment of his full salary thereafter even though he was permitted to carry a decreased workload by his employer, in effect constituted payments of compensation which must be regarded as a proceeding before the commission so as to toll the limitation provisions of § 176.18(1).

■ We have held that payment of medical expenses for injuries arising out of an industrial accident does not constitute a proceeding before the commission within the meaning of the compensation act. The commission has no knowledge of such payments and there is nothing in such transaction which would result in investing it with jurisdiction of the accident out of which the injuries arose. Mattson v. Oliver Iron Min. Co. 201 Minn. 35, 275 N. W. 403; Lunzer v. W. F. Buth & Co. 195 Minn. 29, 261 N. W. 477.

■ The employee next contends that, since he was permitted to resume his work with a decreased workload at his full salary, in effect this constituted compensation payments resulting in a proceeding be-

fore the commission within the statute. It is true that we have held that, where there is no controversy as to liability and payments of compensation are made to an employee and receipts thereof filed with the commission, the latter has full knowledge and control of the transaction and thereby acquires jurisdiction therein which continues thereafter, even though no formal claim petition is filed within the two-year limitation period provided in § 176.18(1). Nyberg v. Little Falls Black Granite Co. 192 Minn. 404, 256 N. W. 732. In Rasmussen v. City of St. Paul, 215 Minn. 458, 10 N. W. (2d) 419, we held that, where such payments were made, even though receipts therefor were not filed with the commission, the transaction might be regarded as a proceeding before the commission which would toll the effect of the limitations in § 176.18(1).

We do not feel that the facts in the instant case bring it within the principles set forth in the Rasmussen case. Here the employee was paid his full wages at all times after the accident. At no time was he led to believe that he was receiving these sums in lieu of compensation which would otherwise be due him. It must be only in situations where it is intended that wage payments made are for purposes of workmen's compensation due that the rule in the Rasmussen case should apply. To hold otherwise would nullify entirely the intent and effect of the legislature in enacting § 176.18(1). Pittman v. Glencliff Dairy Products Co. 154 Kan. 516, 119 P. (2d) 470, 144 A. L. R. 600; Rahder v. Industrial Comm. 105 Colo. 594, 100 P. (2d) 1043; 2 Larson, Workmen's Compensation Law, § 78.43(c).

■ The Industrial Commission found that "the employe had sufficient symptoms to cause him to seek relief before his employment was terminated on May 22, 1954." This finding is amply supported by the evidence. Accordingly, it cannot be said that this case comes within the rule of Pease v. Minnesota Steel Co. 196 Minn. 552, 265 N. W. 427, 266 N. W. 854, wherein it was held that two-year limitations imposed by § 176.18(1) did not commence with the filing of an accident report, when, at the time of the accident or report thereof, the possibility of resulting harm was not apparent; the report failed to disclose the nature of the injury; and the employee lost no time from work immediately after the accident.

■ The employee also asserts that there were two separate accidents, the first of which occurred on or about March 28, 1952; and the second of which occurred March 30, 1952, as reported by the employer. It is employee's contention that, since there was no report of an accident on March 28, 1952, proceedings to recover compensation therefor would not be barred under § 176.18(1) until six years after the date of such accident. The commission found, however, that "On March 28, 1952, * * * employe did not suffer an accident arising out of and in the course of * * * employment" and this finding is amply supported by the evidence. Employer's payroll records indicate that employee did not work on March 28, 1952, and that he hence could not have been working at the time he claimed the accident occurred. His foreman, to whom he alleged he made a report of the accident, testified that employee did not work the foreman's shift that day, and further that he had no recollection of an accident occurring on his shift or of receiving any report of such an accident. There is nothing in employer's records to indicate that such an accident occurred on March 28, 1952, or at any other time insofar as the employee is concerned, except the accident of March 30, 1952. Except for employee's testimony, no other evidence was submitted on this issue. In view of the commission's finding that no accident occurred on March 28, 1952, it would follow that the six-year limitation expressed in § 176.18(1) would have no applicability to these proceedings.

Nor do we feel that the commission's finding that no accident took place *on* March 28, 1952, was not responsive to the claim that an accident occurred *on or about* March 28, 1952. See, Chillstrom v. Trojan Seed Co. 242 Minn. 471, 65 N. W. (2d) 888; Manthe v. Employers Mutual Cas. Co. 239 Minn. 368, 58 N. W. (2d) 758. Throughout the proceedings, employee referred to this accident as having taken place March 28, 1952; and all testimony or evidence submitted with reference to it described it as "the March 28th accident." Accordingly, it seems obvious that the commission's finding that an accident did not take place on March 28, 1952, was responsive to claims made with respect thereto, and sufficient to form a basis for the commission's conclusion thereon.

Affirmed.