## ARTHUR BERGSTROM v. O'BRIEN SHEET METAL COMPANY AND ANOTHER.

86 N. W. (2d) 82.

November 8, 1957—No. 37,140.

*Samuel H. Bellman,* for relator.
*Reynolds & McLeod,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Certiorari to review a decision of the Industrial Commission denying compensation to employee, Arthur Bergstrom, on the ground that he had failed to institute an action or proceeding to determine or recover compensation for accidental injury sustained March 11, 1940, in the course of employment within the period prescribed by Mason St.

1927, § 4282(1), then in effect. This section, reenacted as M. S. A. 176.151, provides in part as follows:

"The time within which the following acts' shall be performed shall be limited to the following periods, respectively:

"(1) Actions or proceedings by an injured employee to determine or recover compensation, two years after the employer has made written report of the injury to the commission, but not to exceed six years from the date of the accident."

The present proceedings were instituted June 2, 1955. Therein the commission determined that on March 11, 1940, employee had suffered an accident in the course of his employment resulting in permanent partial disability to both of his wrists and hands and requiring medical attention thereafter furnished by employer's insurer. It further determined that no report of the injury had been made by the employer and, as indicated above, that no action or proceeding to recover compensation therefor had been instituted by employee until June 2, 1955, more than 6 years after the date of the accident.

Dr. John Pohl, called on behalf of the employee, testified that he first examined employee on May 18, 1955; that he then found good motion in the employee's left wrist but localized tenderness over one of the bones thereof causing pain; that employee's right wrist had a good range of motion with no localized tenderness but that employee suffered pain upon forcing motion of the right wrist joints; that the grip of the left hand was 80 kilograms, which was normal, and that the grip of the right hand was 100 kilograms, which was normal; that X-rays showed cystic degeneration of the wrists; that at that time employee had a permanent disability of 20 percent of the left hand and wrist and 20 percent of the right hand and wrist; that he examined the employee on May 29, 1956, at which time he found increasing symptoms in the left wrist and complaint of constant pain therein, radiating up the left forearm; that on that date he had a 30-percent disability of the left hand and wrist; that the condition would become worse and might ultimately require fusion of one or both of the wrists; and that he attributed the condition and disability to the accident which occurred in 1940.

Employee testified that on March 15, 1940, his physician had taped his hands with elastic bandages which he had continued to wear intermittently thereafter up to the time of the hearing; that in 1947 his physician had encased his wrist in a cast; that he had received medical attention from a physician paid by employer's insurer during 1942, 1947, 1948, and 1949; that the aching and swelling in his hands and wrists, of which he presently complains, have been more or less continuous since the time of the accident; that when he works, his hands swell and pain so that he cannot sleep at night; that when he does the work required of him as a heavy-sheet-metal worker, his hands swell so that he cannot pick up a hammer and he loses the power and strength of his arms; that when he turns his wrist, it clicks and scratches and feels like a knife around the bone; and that he believes his condition is getting worse.

On appeal employee contends that (1) the payment of medical benefits in 1949 constituted a proceeding for compensation within the requirements of Mason St. 1927, § 4282(1), particularly since the enactment of M. S. A. 176.011, subd. 8, by L. 1953, c. 755, § 1, provides that " 'Compensation' includes all benefits provided by this chapter on account of injury or death"; and (2) the limitations prescribed in Mason St. 1927, § 4282(1), did not become operative until employee discovered after his examination by Dr. John Pohl in 1955 and 1956 that his injury was permanently partially disabling and would become worse.

■ Under the express language of Mason St. 1927, § 4282(1), employee's claim is barred unless it can be held that the payment of his medical expenses by employer's insurer constituted a proceeding before the commission. In construing this statutory provision, however, we have held to the contrary in a number of cases, the most recent being that of Krossen v. Oliver Iron Min. Co. 250 Minn. 430, 85 N. W. (2d) 193. See, also, Mattson v. Oliver Iron Min. Co. 201 Minn. 35, 275 N. W. 403; Lunzer v. W. F. Buth & Co. 195 Minn. 29, 261 N. W. 477.

■ Likewise, it appears settled by previous decisions of this court that the law in effect on the date of an employee's accidental injury is the law which governs his claim, Warner v. Zaiser, 184 Minn. 598,

239 N. W. 761; Nyberg v. Little Falls Black Granite Co. 202 Minn. 86, 277 N. W. 536; and that the amendment to the Workmen's Compensation Act, embodied in M. S. A. 176.011, subd. 8, which provides " 'Compensation' includes all benefits provided by this chapter on account of injury or death," does not operate retroactively, since there is no manifestation of a legislative intent to such effect therein. M. S. A. 645.21; Marsolek v. Miller Waste Mills, 244 Minn. 55, 69 N. W. (2d) 617; Carroll v. State Dept. of Social Security, 242 Minn. 70, 64 N. W. (2d) 166.

■ Employee asserts that the limitation provisions of Mason St. 1927, § 4282(1), did not become operative until he first became aware that his injury was disabling. This section, however, provides that proceedings to determine or recover compensation are limited thereunder to either two years after the employer's written report of the injury; or in the absence of such a report to "six years from the date of *the accident.*" (Italics supplied.) It is conceded that no written report was made by the employer here. While we have held that an employer's report of a nondisabling injury should not be construed as the report of a compensable injury so as to commence the operation of the two-year limitation period prescribed in Mason St. 1927, § 4282(1), (Pease v. Minnesota Steel Co. 196 Minn. 552, 265 N. W. 427, 266 N. W. 854), we have never held that the six-year limitation period specified therein should commence with any date other than the "date of the accident" as provided in such statutory provision. Lunzer v. W. F. Buth & Co. 195 Minn. 29, 261 N. W. 477. While fairness and justice speak for the desirability of a statutory provision which would extend time for the commencement of actions or proceedings to determine or recover compensation to a six-year period from the date of the discovery of the disabling nature of an industrial accident sustained by an employee, any such relief must come from the legislature.

Affirmed.