# JOHN KNOPP v. DAVID GUTTERMAN AND ANOTHER.

102 N. W. (2d) 689.

April 22, 1960—No. 37,854.

*Lipschultz, Altman, Geraghty & Mulally* and *H. E. Cochrane,* for relator.

*Janes & Elliott, Alex Leslie Janes, Jr.,* and *Harrison P. Dilworth III,* for respondent.

NELSON, JUSTICE.

Certiorari issued upon the petition of employer to review a decision of the Industrial Commission. The referee had determined that the filing of the claim petition by employee was not barred by statutory limitation, and the referee's decision was unanimously affirmed by the commission.

The employee, John Knopp, was injured in the course of his employment on August 9, 1954. He returned to his work on August 16, 1954. A report of injury was filed with the commission on August 31, 1954. No weekly workmen's compensation benefits were paid on ac-

count of said personal injury, but employer paid medical expenses of $41 as a result of said injury. Employee later, on January 31, 1958, filed a petition for workmen's compensation benefits claiming weekly compensation benefits and medical expenses. An answer was interposed by the employer and his insurer denying employee's right to compensation and pleading as a defense the 2-year limitation contained in M. S. A. 176.151(1).

M. S. A. 1949, § 176.18, limiting actions prior to 1953, was repealed under the 1953 recodification of the Workmen's Compensation Act, L. 1953, c. 755, and M. S. A. 176.151, containing approximately identical language, was enacted.[1]

This case involves the application of § 176.151(1) and the determination of whether the payment of medical or hospital bills or both constitutes a proceeding before the Industrial Commission and thereby avoids the time limitation of the statute.

Prior to the enactment of L. 1953, c. 755, entitled "An act relating to workmen's compensation, and codifying and revising the laws relating thereto; and repealing Minnesota Statutes 1949, Sections 176.01 to 176.12, 176.14 to 176.25, 176.255, 176.26 to 176.65, 176.67 to 176.79, 176.81; and Laws 1951, Chapters 457 and 463," compensation was defined as follows (M. S. A. 1949, § 176.01, subd. 2):

"The word 'compensation' indicates the money benefits to be paid on account of injury or death."

By the enactment of L. 1953, c. 755, the definition of "compensation" was changed so that M. S. A. 176.011, subd. 8, approved April 24, 1953, reads as follows:

" 'Compensation' includes all benefits provided by this chapter on account of injury or death."

---

[1] § 176.151(1) provides:

"The time within which the following acts shall be performed shall be limited to the following periods, respectively:

"(1) Actions or proceedings by an injured employee to determine or recover compensation, two years after the employer has made written report of the injury to the commission, but not to exceed six years from the date of the accident."

The time limitation remained unchanged under the recodification of 1953. In substance the statute sets 6 years from the date of the accident as the period within which a proceeding for compensation must be commenced, but it gives the employer the right to shorten the period to 2 years by his "written report of the injury" to the commission.

Prior to 1953, the statutory definition of "compensation" being limited to money benefits only, this court adopted the rule that payment of medical expenses for injury arising out of an industrial accident did not constitute a proceeding before the commission within the meaning of the Workmen's Compensation Act. Mattson v. Oliver Iron Min. Co. 201 Minn. 35, 275 N. W. 403, 10 Minn. W. C. D. 39; Mohrlant v. Lampland Lbr. Co. 222 Minn. 58, 23 N. W. (2d) 172, 14 Minn. W. C. D. 162.

This court had prior to the Mattson case laid down the rule in Nyberg v. Little Falls Black Granite Co. 192 Minn. 404, 256 N. W. 732, that where an employee suffered an injury conceded to be compensable and the employer paid compensation pursuant to the provisions of the Workmen's Compensation Act and filed receipts with the Industrial Commission and reported the history of the case for the determination of whether the employee's rights had been fully protected and full compensation given, the transaction amounted to a proceeding within the purview of the act which continued the commission's jurisdiction. In Lunzer v. W. F. Buth & Co. 195 Minn. 29, 261 N. W. 477, 8 Minn. W. C. D. 458, the employee was injured June 13, 1927. He was totally disabled until October 22, 1927, but had been paid his full wage together with his medical expenses. The employer, however, had made no written report of the accident and, therefore, what took place between the injured employee and his employer was held not to constitute a proceeding or any part of a proceeding before the Industrial Commission within the rule of the Nyberg case, the commission having no knowledge of the injury or the payment of wages and medical expenses.

Following the Mattson case, it was also held in Krossen v. Oliver Iron Min. Co. 250 Minn. 430, 85 N. W. (2d) 193, involving an accident occurring on or about March 28, 1952, that payment limited

to medical expenses only for injuries arising out of an industrial accident duly reported to the Industrial Commission by the employer did not constitute a proceeding before such commission within the meaning of the act so as to toll the 2-year limitation of M. S. A. 1949, § 176.18(1). It will be observed that the Krossen case was controlled by § 176.01, subd. 2, and not by § 176.011, subd. 8, which now provides that the term "compensation" includes all benefits provided by the Workmen's Compensation Act on account of injury or death.

The most recent decision of this court involving the payment of medical expenses is Bergstrom v. O'Brien Sheet Metal Co. 251 Minn. 32, 86 N. W. (2d) 82. Bergstrom had sustained an injury resulting in permanent partial disability to both wrists in 1940, but he lost no time from work and no report of the accident was made to the Industrial Commission. In 1955 Bergstrom filed a petition for benefits under the Workmen's Compensation Act and was denied recovery by the Industrial Commission. Bergstrom on appeal contended that the payment of medical benefits in 1949 constituted a proceeding for compensation, particularly since the enactment of M. S. A. 176.011, subd. 8; that the limitations prescribed in the act did not become operative until employee discovered, after an examination by his doctor in 1955 and 1956, that his injury was permanently, partially disabling and that it would become worse. This court, in affirming the Industrial Commission, said (251 Minn. 34, 86 N. W. [2d] 84):

"Under the express language of Mason St. 1927, § 4282(1), employee's claim is barred unless it can be held that the payment of his medical expenses by employer's insurer constituted a proceeding before the commission. In construing this statutory provision, however, we have held to the contrary in a number of cases * * * [citing the Krossen, Mattson, and Lunzer cases].

"Likewise, it appears settled by previous decisions of this court *that the law in effect on the date of an employee's accidental injury is the law which governs his claim,* Warner v. Zaiser, 184 Minn. 598, 239 N. W. 761; Nyberg v. Little Falls Black Granite Co. 202 Minn. 86, 277 N. W. 536; *and that the amendment to the Workmen's Compensation Act, embodied in M. S. A. 176.011, subd. 8, which pro-*

*vides ' "Compensation" includes all benefits provided by this chapter on account of injury or death,' does not operate retroactively, since there is no manifestation of a legislative intent to such effect therein.* M. S. A. 645.21; Marsolek v. Miller Waste Mills, 244 Minn. 55, 69 N. W. (2d) 617; Carroll v. State Dept. of Social Security, 242 Minn. 70, 64 N. W. (2d) 166.

"* * * While we have held that an employer's report of a nondisabling injury should not be construed as the report of a compensable injury so as to commence the operation of the two-year limitation period prescribed in Mason St. 1927, § 4282(1), (Pease v. Minnesota Steel Co. 196 Minn. 552, 265 N. W. 427, 266 N. W. 854), we have never held that the six-year limitation period specified therein should commence with any date other than the 'date of the accident' as provided in such statutory provision. Lunzer v. W. F. Buth & Co. 195 Minn. 29, 261 N. W. 477. While fairness and justice speak for the desirability of a statutory provision which would extend time for the commencement of actions or proceedings to determine or recover compensation to a six-year period from the date of the discovery of the disabling nature of an industrial accident sustained by an employee, any such relief must come from the legislature." (Italics supplied.)

Thus, this court recognized the change in the meaning of the word "compensation" in the Bergstrom case but took the position that § 176.011, subd. 8, would not operate retroactively, there being no manifestation of such legislative intent, and applied the former definition of compensation. M. S. A. 1949, § 176.01, subd. 2.

An interim commission report was made to the legislature in 1953 which contained the following observation:

"It may be noted that the Industrial Commission in suggesting this amendment has intimated that an amendment such as proposed would automatically make the payment of medical benefits equivalent to a commencement of a 'proceedings' for the purpose of tolling the Statute of Limitations. The Interim Commission cannot accept this view because it seems to be contra to the opinions by the Supreme Court. Lunzer v. Buth, 1935, 195 Minn. 29, 261 N. W. 477; Mattson v.

Oliver Mining Company, 1937, 201 Minn. 35, 275 N. W. 403; Mohrland v. Lampland Lumber Co., 1946, 222 Minn. 58, 23 N. W. (2d) 172. If such payment is to be considered as to toll the Statute of Limitations for original claims, Sec. 176.18 must be amended to that effect."

The legislature was not bound to refuse to amend because the amendment would be contra to the opinions of this court. The changes in the statutory law are the business of the legislature, and this court frequently suggests that revision, repeal, amendment, or recodification may be advisable, often suggesting the reasons therefor in its decisions.

Section 176.251 states the duties of the Industrial Commission as follows:

"The commission shall actually supervise and require prompt and full compliance with all provisions of this chapter relating to the payment of compensation."

Section 176.265 makes provision regarding the commission's duty to report to the legislature as follows:

"The commission shall observe in detail the operation of this chapter throughout the state. It shall make a report to each session of the legislature concerning the operation of the chapter, proposing such changes as it deems advisable to improve the law."

The Industrial Commission, which is entrusted with the administration of the act and given quasi-judicial powers and duties with respect thereto, said in its opinion in the instant case:

"The Commission is of the opinion that under this new definition of 'compensation', medical and hospital payments are definitely included as money payments and as such the payment of these bills will be in the nature of the commencement of a proceedings before the Industrial Commission and thereby toll the Statute of Limitations and give to the Industrial Commission continuing jurisdiction."

The opinion accompanying the decision in this case was written by Robert E. Faricy, who appeared before the legislative committees concerned with the proposed changes in the Workmen's Compensation

Act. All of the then members of the Industrial Commission joined in proposing the change in the act involved in the instant case as to the broader meaning of the term "compensation." An examination of the reporters' notes of the hearings before the Employees' Compensation Committee of the house and the Workmen's Compensation Committee of the senate at the 1953 legislative session indicates that when the matter of a recodification and revision of the Workmen's Compensation Act came before those committees one or more of the then members of the Industrial Commission, which included Mr. Faricy, appeared and submitted to questioning on the proposed recodifications. The reporters' notes of these hearings refer to the interim commission's report, but no part of it has been extended into these notes. The notes indicate that suggested amendments to the act were passed by the committees when the hearings concluded. Since the members of the Industrial Commission were charged with the duty of proposing such changes as they might determine advisable to improve the Workmen's Compensation Act, it is only reasonable to assume that they understood the purport of adopting § 176.011, subd. 8, in lieu of M. S. A. 1949, § 176.01, subd. 2, and that succeeding members informed themselves of it.

This court has heretofore considered the meaning of the word "compensation" as used in M. S. A. 1949, § 176.06, subd. 2, reenacted as § 176.061, subd. 5 (third-party liability), and concluded that under that section the word "compensation" includes not only the periodic disability benefits paid but also the medical expenses paid. See, Dockendorf v. Lakie, 251 Minn. 143, 86 N. W. (2d) 728; Dockendorf v. Lakie, 240 Minn. 441, 61 N. W. (2d) 752.

In Frank v. Anderson Brothers, 236 Minn. 81, 84, 51 N. W. (2d) 805, 807, this court said:

"* * * *The right to receive* hospitalization and medical treatment, or the right to receive either of them, is a money benefit which of and by itself constitutes compensation within the meaning of the compensation act."

We are not to assume that the legislature will engage in a futile act

nor attribute to it an intent to bring about an absurd and unreasonable result. Courts cannot make exceptions and limitations which a reading of the statute does not warrant since the plain language of a statute permits of no perversion by the process of construction. Extraneous aids to construction are permissible only to solve doubt, not to create it. A construction of a statute which will lead to an impracticable and absurd result is to be avoided if the language used will reasonably bear any other construction. It is to be construed so as to render it practicable, when reasonably possible. Questions involving government must not be determined along technical lines. Broad and practical considerations should control. See, §§ 645.16, 645.17.

We have repeatedly said that rules of statutory construction are merely aids in ascertaining the legislative intent; that statutes must be so construed as to give effect to the obvious legislative intent though the construction be contrary to such rules. Arlandson v. Humphrey, 224 Minn. 49, 27 N. W. (2d) 819; Downing v. Independent School Dist. No. 9, 207 Minn. 292, 291 N. W. 613; Romanchuk v. Plotkin, 215 Minn. 156, 9 N. W. (2d) 421; Gleason v. Geary, 214 Minn. 499, 8 N. W. (2d) 808; Judd v. Landin, 211 Minn. 465, 1 N. W. (2d) 861.

Statutes must be construed with reference to the objects sought to be accomplished and that which is implied in a statute is as much a part of it as that which is expressed. Singer v. Singer, 173 Minn. 57, 214 N. W. 778, 216 N. W. 789; G. N. Ry. Co. v. United States (8 Cir.) 155 F. 945, affirmed, 208 U. S. 452, 28 S. Ct. 313, 52 L. ed. 567. Where statutory meaning is clear there is no place for rules which aid in ascertaining meaning of statute. Walker v. United States (8 Cir.) 83 F. (2d) 103. There is no room for construction when language of statute and of administrative orders thereunder is plain. United States v. Chicago, St. P. M. & O. Ry. Co. (D. Minn.) 34 F. (2d) 812, affirmed (8 Cir.) 43 F. (2d) 300, 71 A. L. R. 507.

If on its face or in application to subject matter a statute's meaning is plain, rules of construction do not apply. Trustees of Pillsbury Academy v. State, 204 Minn. 365, 283 N. W. 727.

In determining legislative intent, courts may consider legislative his-

ory of the act, subject matter as a whole, purpose of legislation, and objects intended to be secured thereby. Mattson v. Flynn, 216 Minn. 354, 13 N. W. (2d) 11; Warren v. Marsh, 215 Minn. 615, 11 N. W. (2d) 528. In construing a legislative act, a section thereof is not to be considered apart from other sections of the act, but the act is to be read and construed as a whole. Underhill v. State, 208 Minn. 498, 294 N. W. 643; Tankar Gas, Inc. v. Lumbermen's Mutual Cas. Co. 215 Minn. 265, 9 N. W. (2d) 754, 146 A. L. R. 1223; Merritt v. Stuve, 215 Minn. 44, 9 N. W. (2d) 329.

Departmental practice in administration of statutes will control when the practice is reasonable. Robinson v. Lundrigan, 227 U. S. 173, 33 S. Ct. 255, 57 L. ed. 468. When meaning of statute is doubtful, great weight is to be given by courts to construction placed upon it by department charged with its administration. Durkee-Atwood Co. v. Willcuts (8 Cir.) 83 F. (2d) 995. Administrative interpretation of statutes, although not binding upon the courts, should receive consideration unless found to be erroneous and in conflict with expressed purposes of the act and intentions of the legislature. In re Estate of Raynolds, 219 Minn. 449, 18 N. W. (2d) 238.

This court has made it plain that the Workmen's Compensation Act should be liberally construed so as to effect its full purpose. Recently in Kolbeck v. Myhra, 255 Minn. 341, 344, 96 N. W. (2d) 633, 635, this court said:

"* * * Since workmen's compensation statutes are highly remedial and humanitarian in purpose, they must be given a broad, liberal construction in the interests of the workmen."

In Lappinen v. Union Ore Co. 224 Minn. 395, 404, 29 N. W. (2d) 8, 15, we said:

"It is too well settled to require citation of authority that the workmen's compensation act should be liberally construed so as to afford coverage of all cases reasonably within its purview."[2]

---

[2] Moore v. J. A. McNulty Co. 171 Minn. 75, 213 N. W. 546; Thoresen v. Schmahl, 222 Minn. 304, 24 N. W. (2d) 273.

This spirit of liberality must be observed in construing the act as a whole so as to better understand and apply the legislative purposes.[3]

Based upon the heretofore liberal construction by this court of the Workmen's Compensation Act and the administrative interpretation thereof in the instant case, the better view appears to be that "compensation," as defined in § 176.011, subd. 8, includes the payment of medical and hospital bills and expenses, and that such interpretation reflects legislative intent.

We are of the opinion that the decision of the Industrial Commission correctly interprets § 176.011, subd. 8, as applied to the facts before the court on this appeal. Respondent is allowed $250 attorneys' fees.

Affirmed.

MR. JUSTICE LOEVINGER, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[3]Casey v. Northern States Power Co. 247 Minn. 295, 77 N. W. (2d) 67; Nyberg v. Little Falls Black Granite Co. 192 Minn. 404, 256 N. W. 732; Langland v. State Dept. of Highways, 250 Minn. 544, 85 N. W. (2d) 736; Christopherson v. Security State Bank, 256 Minn. 191, 97 N. W. (2d) 649; McCourtie v. United States Steel Corp. 253 Minn. 501, 93 N. W. (2d) 552.