Garfield, C. J.
 

 — On August 2, 1958, plaintiff sustained an injury arising out of and in the course of his employment by defendant National Carbide Company. (For convenience we disregard the fact National’s insurance carrier is also a defendant.) Defendant was notified of the injury and caused plaintiff to be taken to Doctor Kemp for examination. The doctor gave plaintiff a prescription and told him to return to light duty which he did on August 5. Plaintiff’s pain continued and defendant sent him to Doctor Kemp again on October 27, 1958. Again on March 11, 1960, defendant sent plaintiff to Doctor Kemp who prescribed physiotherapy at a hospital. Defendant paid charges of $50 for this hospital treatment. About April 1, 1960, defendant suggested and arranged for chiropractic treatments for plaintiff. They continued until November 4, 1960. Total charges therefor were $98. Although the record does-not show it, presumably defendant also paid this $98. ' •
 

 Defendant’s insurance carrier arranged for plaintiff to be examined by Doctor Blair in Des Moines on February 15 and March 13, 1961. On April 21 (1961) plaintiff was examined by
 
 *613
 
 a Doctor Ober who diagnosed plaintiff’s condition as a raptured spinal disc and was of the opinion it was caused by. the accident of August 2, 1958.
 

 During all the time since his injury plaintiff has received the usual rate of pay from defendant for the work he did. There was no award of compensation or agreement for settlement under chapter 86, Code, 1958. No compensation agreement was filed with the commissioner in accordance with Code section 86.13 and no weekly compensation was paid by defendant or its insurance carrier. The only payment by either was for medical expense paid on plaintiff’s behalf.
 

 On March 30, 1961, plaintiff filed with the industrial commissioner his application for review-reopening under section 86.34 in which he alleged he was injured August 2, 1958, compensation was paid for his resulting disability amounting to about $300 and as a result of his injury plaintiff was totally and permanently disabled.
 

 Defendant and its insurer answered that plaintiff’s application was in fact one for arbitration, his injury occurred more than two years prior to the filing of his application and it was barred by Code section 85.26. Defendant denied any compensation was paid plaintiff as a result of the above accident.
 

 Plaintiff’s application was submitted to the deputy industrial commissioner on a stipulation of the facts heretofore recited. He held that since no award for payments or agreement for settlement was made as provided by section 86.34 the requested review-reopening would not lie. The deputy’s decision called attention to the fact the only agreements subject to review-reopening under 86.34 are those filed with and approved by the commissioner under section 86.13, citing Otis v. Parrott, 233 Iowa 1039, 8 N.W.2d 708, and Bever v. Collins, 242 Iowa 1192, 49 N.W.2d 877.
 

 Plaintiff’s appeal to the district court from the deputy’s decision was submitted on the same stipulation of facts and affirmed.
 

 It seems desirable to set out these provisions of our Compensation Act: Section 85.26 provides: “Limitation of actions.
 
 *614
 
 No original proceedings for compensation shall be maintained in any case unless such proceedings shall be commenced within two years from the date of the injury causing such death or disability for which compensation is claimed.”
 

 Section 86.13 states: “Compensation agreements. If the employer and the employee reach an agreement in regard to the compensation, a memorandum thereof shall be filed with the industrial commissioner by the employer or the insurance carrier, and unless the commissioner shall, within twenty days, notify the employer or the insurance carrier and employee of his disapproval of the agreement * * # [it] shall stand approved and be enforceable for all purposes, except as otherwise provided in this and chapters 85 and 87. * * *
 

 “Any failure on the part of the employer or insurance carrier to file such memorandum of agreement with the industrial commissioner within thirty days after the payment of weekly compensation is begun shall stop the running of section 85.26 as of the date of the first such payment.”
 

 Section 86.34, under which plaintiff’s application states it was filed, provides in pertinent part: “Review of award or settlement. Any award for payments or agreement for settlement made under this chapter where the amount has not been commuted, may be reviewed by the industrial commissioner * * * at the request of the employer or of the employee at any time within three years from the date of the last payment of compensation made under such award or agreement, and if on such review the commissioner finds the condition of the employee warrants such action, he may end, diminish, or increase the compensation so awarded or agreed upon. * * *.”
 

 Plaintiff argues in a single division his first three assigned errors. The brief point at the head of this argument is: “Where medical and hospital expenses of an employee as a result of an industrial injury are paid by the employer, said payment constitutes ‘compensation’ and ‘an agreement for settlement’ under the Compensation Law and extends the statute of limitations to tln'ee years from the date of the last furnished treatment.”
 
 *615
 
 Several out-of-state precedents, including three from Nebraska, are among the authorities cited in support of this brief point. ;
 

 Defendant’s first brief point is: “Where there has been no ‘award for payments’ previously entered by the Industrial Commissioner and no ‘agreement for settlement’ has been filed, the Commissioner is without jurisdiction to entertain an application filed by either party under section 86.34.”
 

 The only point the district court felt called upon to decide was that plaintiff was not entitled to proceed under 86.34 since there had been nothing before the commissioner regarding an award of compensation or agreement for settlement. In short the court thought there had been nothing before the commissioner to review or reopen.
 

 We have said at least twice that an application for review under what is now 86.34 is not the commencement of a new proceeding but a continuation of one already pending. Secrest v. Galloway Co., 239 Iowa 168, 174, 30 N.W.2d 793, 797; Henderson v. Iles, 248 Iowa 847, 851, 82 N.W.2d 731, 734. See also annotation, 165 A. L. R. 9, 13.
 

 It seems clear there had been no “award for payments opr agreement for settlement made under this chapter”, within the terms of 86.34. Consequently there had been no “payment of compensation made under such award or agreement.” Nor could the commissioner “end, diminish, or increase the compensation so awarded or agreed upon” as the statute contemplates. If the employer’s voluntary payment of some medical expense of the employee is to be deemed sufficient authorization for review-reopening under 86.34, some change by the legislature in the language of the statute is plainly called for.
 

 Plaintiff’s contention that defendant’s payment of medical expense, without any proceeding of any kind before the commissioner, constitutes an “agreement for settlement made under this chapter” within the meaning of 86.34, is contrary to our decisions in Otis v. Parrott, 233 Iowa 1039, 1046, 8 N.W.2d 708, 713, and Bever v. Collins, 242 Iowa 1192, 1196, 49 N.W.2d 877, 880.
 

 In Otis v. Parrott it was contended employers verbally agreed to pay compensation, in reliance thereon proceedings
 
 *616
 
 were not sooner commenced, the employers led the employee and his dependents to believe the hospital and medical bills and compensation would be paid and they were estopped from claiming the proceedings were not commenced in time. We held the review-reopening proceeding, filed more than two years after the date of the injury causing death, was an obvious attempt to circumvent what is now section 85.26, supra, aud would not lie. This from the opinion is applicable here:
 

 “It is enough to point out that the only agreements which can be reviewed by the industrial commissioner are those filed under section 1436 which have been reduced to a written memorandum, filed in the industrial commissioner’s office and approved by the industrial commissioner either expressly or by operation of law. The testimony of verbal promises to pay hospital and doctors’ bills and wages, upon the part of the employers or one of them, would not be an ‘agreement for settlement made under this chapter’ within the meaning of section 1457 that could be the basis of review proceedings.”
 

 Section 1436, referred to in the above quotation, is now section 86.13, supra, and section 1457 is now 86.34, supra.
 

 100 C. J. S., Workmen’s Compensation, section 439, page 311, cites Otis v. Parrott for the proposition, “The fact that the employer had verbally agreed to pay compensation and in reliance the proceedings were not brought sooner, does not lift the bar of the limitation statute.”
 

 Bever v. Collins, supra, follows Otis v. Parrott. A strong showing was there made that the employer orally conceded his liability to the employee’s dependents, promised to help them all he could and paid $895 in all, including funeral and burial expenses and other amounts. We adhered to our holding in the Otis case that agreements for settlement which can be reviewed under what is now 86.34 are those filed under what is now 86.13 which have been reduced to a written memorandum, filed with the commissioner and approved by him.
 

 There seems to be fully as much ground for arguing that voluntary payments of medical or hospital expense were made under an “agreement for settlement” (a contention Bever v.
 
 *617
 
 Collins rejects) as that they were made under an “award for payments.”
 

 Nothing-in Rose v. John Deere Ottumwa Works, 247 Iowa 900, 904, 905, 76 N.W.2d 756, 758, 759, is inconsistent with Otis v. Parrott or Bever v. Collins, both supra. Rose received workmen’s compensation of $328 and $180 in medical benefits during 11 -weeks and five days after he was injured. These payments were made on the assumption there was only temporary disability. The record did not show whether an award or settlement agreement ivas made. Upon the employee’s application under 86.34 for review-reopening- on the ground he was then suffering-permanent partial disability from his injury, the commissioner allowed compensation on such basis which was affirmed by the district court and by us.
 

 After quoting section 86.34, supra, our Rose opinion points out -. “There is no suggestion this statute is not applicable here on the ground the compensation for the 11 weeks, five days may not have been paid under an award or agreement for settlement and such circumstance is entitled to no consideration. Of course there may have been an award or settlement agreement not shown by the record.” It is apparent we were unwilling to consider a reversal on a ground not even suggested by the appellant-employer.
 

 Our holding here there was no “award for payments” or “agreement for settlement made under” chapter 86 which the commissioner may review under section 86.34 is conclusive of the appeal. Other contentions need not be passed upon. As previously stated, plaintiff’s application states it is filed under 86.34.
 

 We wall add, however, we have considered the authorities plaintiff cites. In the main they hold, under applicable state statutes, that an employer’s payment for medical or hospital services to an injured employee constitutes payment of compensation which suspends running of the time for filing a claim for compensation. - Nebraska statutes provide a claim for compensation is not barred in the usual designated time if “the parties shall have agreed upon the compensation payable under this act”
 
 *618
 
 or- where “payments of compensation have been made in any case.” Gilbert v. Metropolitan Utilities District, 156 Neb. 750, 752, 57 N.W.2d 770, 772; Gourley v. City of Grand Island, 168 Neb. 538, 541, 96 N.W.2d 309, 312, cited by plaintiff.
 

 In 1953 Minnesota changed its statute to provide “ ‘Compensation’ includes all benefits provided by this chapter on account of injury or death.” Under this definition it was held “compensation” includes the payment of medical and hospital expense. Knopp v. Gutterman, 258 Minn. 33, 42, 102 N.W.2d 689, 696. A contrary result had been reached under a former statute. Krossen v. Oliver Iron Mining Co., 250 Minn. 430, 85 N.W.2d 193, 195, 196, and citations; Bergstrom v. O’Brien Sheet Metal Co., 251 Minn. 32, 86 N.W.2d 82, 84.
 

 ■ 100 C. J. S., Workmen’s Compensation, section 439, pages 310, 311, cites the Krossen case and others for the proposition, “Where a statute contemplates the suspension of the limitation period during the time the employer is making voluntary payments of compensation, in acknowledgment of liability, payment of medical or hospital expenses is not such a compensation.”
 

 The applicable statute considered in Yellow Cab Co. v. Industrial Commission, 315 Ill. 235, 146 N.E. 160, cited by plaintiff, extended the period of limitations for making claim for compensation if payments had been made under the provisions of the Act. The decision holds that where there was no denial by the employer of liability the furnishing of medical and hospital services must be regarded as such payments.
 

 In 1925, after the Yellow Cab Company case was decided, the Illinois statute was changed to provide that furnishing medical and hospital services shall not be construed as an admission of liability or as payment of compensation. In Madsen v. Industrial Commission, 383 Ill. 590, 592, 594, 50 N.E.2d 707, 709, the employer voluntarily paid hospital and medical expense and weekly compensation for 18 weeks. The employee filed a “Petition for Review of Agreement or Award” under a statute similar to our section 86.34. The cited case holds the petition would not lie. The opinion states, “A prerequisite to a hearing under section 19(h) is a previous agreement or award.”
 

 
 *619
 
 Weymer v. Industrial Commission, 404 Ill. 271, 275, 88 N.E.2d 841, 843, follows the Madsen decision, supra. The opinion says: “When plaintiff in error filed his petition under section 19 (h) there was neither an agreement nor an award relating to the disability for which compensation was sought, thus nothing for the commission to review. * *
 
 *
 
 We conclude that since there was no previous agreement or award to be reviewed here, the commission was without jurisdiction to entertain the petition filed under section 19(h).” The Madsen and Weymer decisions support our holding here.
 

 The applicable statutory provisions in the precedents plaintiff cites differ from ours. Procedure in compensation matters is of course statutory and we are concerned with our own statutes. Secrest v. Galloway Co., supra, 239 Iowa 168, 170, 30 N.W.2d 793, 795. Referring to application of review-reopening statutes, the annotation in 165 A. L. R. 9, 17, states, “the workmen’s compensation acts of the various jurisdictions control in the determination of this question; the statutes must always first be consulted in order to determine the scope of the local review or modification procedures, together with the time when such relief may be sought.”
 

 Although there are many out-of-state decisions that medical or hospital benefits are included within the term “compensation”, there are contrary holdings. Annotation, 144 A. L. R. 606, 620-622. We are not required to decide this question. It is sufficient that there was here no award for payments or compensation and no agreement for settlement, hence nothing for the commission to review or reopen under section 86.34 — Affirmed.
 

 All Justices concur.