William S. **FULLERTON**, Relator,

v.

**COMMISSIONER OF ECONOMIC SECURITY**, Respondent.

No. C3–84–1829.

Court of Appeals of Minnesota.

March 12, 1985.

Burnham J. Philbrook, St. Paul, for relator.

Hubert H. Humphrey, III, Atty. Gen., Laura E. Mattson, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by POPO-VICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

POPOVICH, Chief Judge.

Relator William S. Fullerton appeals from the Commissioner of Economic Security's determination that he did not have a valid claim for unemployment compensation benefits because he did not earn 15 credit weeks during his base period. We affirm.

## FACTS

Relator Fullerton was employed by Technical Ordnance from May 1982 through February 16, 1983 as a project and design engineer. On February 16, 1983, he called his employer during the middle of the night to quit his job in order to receive treatment for alcoholism. During the next eight months, relator was admitted to chemical dependency treatment centers on three occasions. He underwent treatment twice at St. Joseph's Hospital from March 18, 1983 through April 15, 1983 and from September 10, 1983 through October 7, 1983. The hospitalization costs were paid by relator's former employer's group health insurance plan and the Ramsey County Welfare Department.

Relator commenced work with a new employer beginning November 30, 1983 but was laid-off after approximately six weeks. Relator entered chemical dependency treat-ment for a third time in February 1984 at Mounds Park Hospital.

Relator filed an initial claim for unemployment compensation benefits with the Department of Economic Security effective November 20, 1983. The Commissioner of Economic Security concluded relator's claim was invalid because he did not earn 15 or more wage credits during his base period of employment as required by Minn. Stat. § 268.07, subd. 2 (Supp.1983).

## ISSUE

Should claimant's base period be lengthened pursuant to Minn.Stat. § 268.04, subd. 2 (Supp.1983)?

## ANALYSIS

1. Claimant's base period is defined in Minn.Stat. § 268.04, subd. 2 (Supp.1983) as follows:

"Base period" means the period of 52 calendar weeks immediately preceding the first day of an individual's benefit year. However, if a claimant received weekly worker's compensation for temporary total disability under the provisions of chapter 176 or under a similar law of the United States for more than seven weeks within the base period, or if a claimant, whose own serious illness caused a loss of credit weeks within the base period, received compensation due to the illness from some other source or under a law of this state other than chapter 176 or under a similar law of the United States for more than seven weeks within the base period, the claimant's base period shall be lengthened by the same number of weeks, but not to exceed 52 weeks, for which the claimant received the payments. No extended base period shall include wage credits upon which benefits were established and paid with respect to a prior valid claim.

*Id.*

Fullerton waited to file a claim until nearly a year after his termination of employment with Technical Ordnance. Counting back from his date of claim, he had

earned only 13 weeks in the 52 week base period.

2. The statute provides for extension of the base period under certain circumstances. Fullerton claims he deserves extension as a "claimant, whose own serious illness caused a loss of credit weeks within the base period, received compensation due to the illness from some other source or under a law of this state." *Id.*

Fullerton argues the employer and government contributions to inpatient chemical dependency treatments constitute "payments" for a serious illness and lengthen the base period. In support of his argument, claimant follows the statutory history of this provision.

In 1977, the statute was first amended to read:

"Base period" means the period of fifty-two calendar weeks immediately preceding the first day of an individual's benefit year. *Provided, however, that if a claimant received weekly worker's compensation for temporary total disability under the provisions of chapter 176 or under a similar law of the United States for more than seven weeks within the base period, as heretofore defined, his base period shall be lengthened by the number of such weeks, but not to exceed 52 weeks, for which he received such payments; provided further, that no extended base period shall include wage credits upon which benefits were established and paid with respect to a prior valid claim.*

Minn.Laws 1977, ch. 4, § 1.

Claimant claims the purpose of the amendment was "to insure that people who were injured and partially disabled from job related injuries and who did not meet the minimum 15 credit weeks during their base period *but for those injuries* would still be entitled to unemployment compensation."

The Legislature again amended the section to its present form in 1983. *See* 1983 Minn.Laws ch. 372, § 1. This amendment provides that persons who lose credit weeks because of their own serious illness and received compensation due to the illness are also permitted to extend their base period. Claimant notes that, within the Worker's Compensation Act, the term "compensation" includes the payment of medical and hospital expenses. *See Knopp v. Gutterman,* 258 Minn. 33, 42, 102 N.W.2d 689, 696 (1960); *Dockendorf v. Lakie,* 240 Minn. 441, 448, 61 N.W.2d 752, 756 (1953). Consequently, claimant argues the Legislature intended compensation to include medical payments in both the 1977 and 1983 amendments.

█ This argument ignores the clear wording of the 1977 statute which provides for lengthening of a base period only for those persons who received benefits for temporary total disability. Temporary total disability benefits compensate injured workers for loss of wages because of a work related injury. Minn.Stat. § 176.101, subd. 1 (Supp.1983).

█ The 1983 amendment, not in effect when appellant quit, created a similar benefit for employees suffering from non-work related injuries. The inquiry is the nature of the payments, whether the payments substituted for income. The medical benefits paid to claimant Fullerton were not compensation for loss of wages and do not operate to extend his base period under Minn.Stat. § 268.04, subd. 2.

### DECISION

Because the medical benefits paid claimant do not qualify as "payments" under Minn.Stat. § 268.04, subd. 2 (Supp.1983), claimant's base period is not extended. The determination of the Commissioner of Economic Security is affirmed.

Affirmed.