**OAK RIDGE CARE CENTER, INC., et al., Appellants,**

v.

**MINNESOTA DEPARTMENT OF HUMAN SERVICES, Respondent.**

**No. C4–89–1521.**

Court of Appeals of Minnesota.

March 13, 1990.

Review Denied in Part and Granted in Part May 11, 1990.

Michel A. LaFond, Richard J. Nagle, Susan M. Schaffer, Broeker, Geer, Fletcher & LaFond, Ltd., Minneapolis, for appellants.

Hubert H. Humphrey, III, Atty. Gen., Julie K. Harris, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by FORSBERG, P.J., and FOLEY and SHORT, JJ.

## OPINION

FORSBERG, Judge.

Appellant corporations appeal from a summary judgment, arguing the trial court erred by determining they were not properly dissolved in accordance with statutory procedures. The trial court determined that because appellants were not properly dissolved, the respondent Department of Human Services could pursue its claims against appellants for alleged medical assistance overpayments. We affirm the court's determination regarding four of the

appellant corporations, but reverse as to the other six.

## FACTS

Appellants are 10 health care centers which were incorporated under Minnesota law. In the past, appellants participated in the medical assistance program, receiving periodic reimbursements from the respondent Department of Human Services.

Between 1972 and 1983, the Department issued overpayment notices to appellants, alleging they had been overpaid approximately $4.1 million in medical assistance reimbursements. Between 1976 and 1984, appellants filed timely appeal letters with the Department, disputing the overpayment determinations.

Prior to resolution of their appeals, appellants filed for corporate dissolution. According to documents filed with the secretary of state, appellants dissolved between 1980 and 1984. Six of the appellant corporations filed for dissolution under Minn. Stat. ch. 301 (hereinafter referred to as "301 corporations"), and the remaining four appellants filed under Minn.Stat. ch. 302A (hereinafter referred to as "302A corporations").

Apparently due to a backlog, the Department did not set appellants' appeals on for hearing until 1986. Appellants objected to the administrative proceedings and obtained a stay pending an action for declaratory judgment in district court.

On March 31, 1988, appellants initiated the present action for declaratory judgment, requesting a determination that they were properly dissolved, precluding the Department from pursuing any administrative proceedings against them.

The parties filed cross motions for summary judgment, and on July 21, 1989, the court issued an order denying appellants' motion for summary judgment and granting the Department's motion in part, declaring the appellant corporations were not properly dissolved. In a memorandum attached to its order, the court determined that the 301 corporations had failed to properly dissolve because they had failed to provide for the debt or liability claimed by the Department. The court found that the dissolutions by the 302A corporations were ineffective due to the failure to comply with statutory filing requirements and the failure to pay or provide for debts claimed by the Department.

The court refused to decide whether appellants' trustees in dissolution, officers, directors, or shareholders would be individually liable for appellants' debts to the Department in the event administrative contested case proceedings resulted in a determination that appellants did owe the Department the amounts claimed. The court reasoned that issue was not ripe for consideration.

This appeal has been taken from the judgment issued pursuant to the court's order.

## ISSUES

1. Did the trial court err by determining that the Department was not barred from pursuing its claims against appellant corporations?

2. Did the court err by refusing to determine whether the corporate shareholders, directors, officers and trustees in dissolution were liable for appellants' debts to the Department?

## ANALYSIS

1. The district court granted the Department's motion for summary judgment, determining that no factual issues were in dispute. Summary judgment is appropriate where no genuine issues of material fact exist and where a party has clearly established that he is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03; *Vacura v. Haar's Equipment, Inc.*, 364 N.W.2d 387, 391 (Minn.1985).

a. *301 Corporations.*

■ In winding up a corporation under Minn.Stat. ch. 301, a trustee "shall, as speedily as practicable * * * proceed: * * * (4) To pay all debts and liabilities of the corporation * * *." Minn.Stat. § 301.48, subd. 1 (1982). Trustees are giv-

en full authority to defend, compromise, compound and settle claims against the corporation on such terms as they deem best. Minn.Stat. § 301.52 (1982). Corporate existence terminates when a certificate of dissolution is filed with the secretary of state. Minn.Stat. § 301.56 (1982).

Minn.Stat. § 300.59 (1982) provides that a corporation continues for three years after termination "for the purpose of prosecuting and defending actions, closing its affairs, disposing of its property, and dividing its capital, but for no other purpose." In *Kopio's, Inc. v. Bridgeman Creameries, Inc.*, 248 Minn. 348, 79 N.W.2d 921 (1956), the court held that this statute is applicable to corporations whose existence terminates by reason of voluntary dissolution pursuant to chapter 301. *Id.* at 352, 353, 79 N.W.2d at 924–25. The *Kopio's* court concluded that a corporation may properly dissolve under chapter 301 even though it is aware of a pending lawsuit. Accordingly, we conclude the dissolutions by appellant 301 corporations were valid, despite the existence of the Department's outstanding overpayment notices.

The Department claims its actions against appellant 301 corporations commenced within the three-year limitations period of Minn.Stat. § 300.59. It argues the actions commenced when the overpayment notices were mailed in 1972 and 1983 or, in the alternative, when appellants filed their letters of appeal between 1976 and 1984.

An "action" is defined in Minn.Stat. § 645.45(2) (1988) as "any proceeding in any court of this state." However, in *Mohrlant v. Lampland Lumber*, 222 Minn. 58, 23 N.W.2d 172 (1946), the court distinguished between an "action" and a "proceeding." *Id.* at 60, 23 N.W.2d at 173. Also, in *Schroeder, Siegfried, Ryan & Vidas v. Modern Electronic Products, Inc.*, 295 N.W.2d 514 (Minn.1980), the court stated: " 'proceeding' is a broader term than 'action' * * *." *Id.* at 516 (citations omitted).

We conclude that while the Department may have commenced "proceedings" against appellant 301 corporations when it mailed the overpayment notices, the Department's "actions" were not commenced until 1986, when the Department's hearing notices were served. In each case, three years had expired by the time the Department served its initial notice of hearing.

Because the Department's actions against the 301 corporations were commenced more than three years after the corporations filed their certificates of dissolution, those claims are barred as untimely.

### b. *302A Corporations.*

Four of the appellant corporations filed for dissolution in August 1984 pursuant to chapter 302A (1984).

Minn.Stat. § 302A.723 provides that upon approval by the shareholders, the corporation shall file with the secretary of state a notice of intent to dissolve. The board or officers of the corporation shall thereupon proceed as soon as possible

(b) [t]o pay *or make provision for* the payment of all debts, obligations and liabilities of the corporation, * * *.

Minn.Stat. § 302A.725 (emphasis added).

When a corporation does not notify creditors or claimants that the notice of intent to dissolve has been filed, the legislature has provided for a two-year statute of limitations:

The claim of a creditor or claimant to whom notice is not given and for whom payment of any debt is not made or provided and who does not initiate legal, administrative, or arbitration proceedings concerning the claim within two years after the date of filing the notice of intent to dissolve is thereafter subject to the provisions of 302A.781 [barring claims against the corporation].

Minn.Stat. § 302A.729, subd. 2 (1982).

It is undisputed that the appellant 302A corporations did not give notice to the Department of the filing of their notices of intent to dissolve. It is also undisputed that the appellant 302A corporations did not pay the alleged debts to the Department. Appellants argue on appeal, however, that they provided for the Department's claims against them.

The trial court found the appellant 302A corporations had not made adequate provision for the alleged debts, obligations or liabilities to the Department. Appellants argue this was improperly determined on summary judgment because they raised a factual issue by submitting an affidavit verifying the articles of dissolution. The articles contain the following language:

All debts, obligations and liabilities of the corporation have been paid and discharged or adequate provisions have been made therefor.

We consider this conclusory allegation insufficient to withstand the Department's motion for summary judgment. Neither appellants' affidavit nor the articles of dissolution specifically state that the Department's claims were provided for. The affidavit or articles likewise cannot be seriously construed in such manner, since appellants have contended at all times that they did not owe the debt claimed by the Department.

■ Because appellants did not notify the Department or provide for the Department's claims, those claims would be barred unless the Department initiated administrative proceedings within two years after appellants filed their notices of intent to dissolve in August 1984. Minn.Stat. § 302.729.

The evidence indicates that two years had expired before the Department filed its initial notices of hearing in 1986. However, the Department argues it initiated administrative proceedings when it mailed the overpayment notices to appellants between 1972 and 1983 or, in the alternative, when appellants submitted their letters of appeal from the overpayment notices between 1976 and 1984. We agree.

In *Rice v. United States*, 356 F.2d 709 (8th Cir.1966), the court indicated that charges filed with the National Labor Relations Board by seamen constituted pending "proceedings" before the board, even though a formal complaint by general counsel had not been filed. The *Rice* court stated:

"Proceeding" is a comprehensive term meaning the action of proceeding—a par-

ticular step or series of steps, adopted for accomplishing something. * * * Proceedings before a governmental department or agency simply mean proceeding in the manner and form prescribed for conducting business before the department or agency, including all steps and stages in such an action from its inception to its conclusion.

*Id.* at 712.

Likewise, the Minnesota Supreme Court held an attorney who had performed services reviewing an application for a patent before the United States Patent Office could obtain a lien for services rendered in connection with the "proceeding." *Schroeder, Siegfried, Ryan & Vidas*, 295 N.W.2d at 516.

*Rasmussen v. City of St. Paul*, 215 Minn. 458, 10 N.W.2d 419 (1943) also construed the meaning of the word "proceeding." In *Rasmussen*, the court held that where an employer had paid compensation to an injured employee over a period of time and had filed reports apprising the predecessor to the Workers' Compensation Commission of the matter, the transaction amounted to a "proceeding" within the meaning of the Workers' Compensation Act for jurisdictional purposes.

Similarly, we conclude the Department commenced "proceedings" against appellants at the time it mailed the overpayment notices between 1972 and 1983. Therefore, the Department's claims are not barred by Minn.Stat. § 302A.729, subd. 2.

■ In the alternative, the trial court concluded the dissolutions by the appellant 302A corporations were ineffective because appellants filed their notices of intent to dissolve and articles of dissolution on the same day. This is a violation of the statutory requirement which specifically requires a two-year interim:

Articles of dissolution * * * shall be filed with the secretary of state after:

* * * * * *

(c) The two year period described in section 302A.729, subd. 2 has expired.

Minn.Stat. § 302A.733, subd. 1.

In *Kopio's* the supreme court stated:

The procedure for voluntary dissolution of a corporation in this state is specifically regulated by statute, and it is well established that, until there is compliance with such statutory prerequisites, the corporation continues in existence as a legal entity.

*Kopio's*, 248 Minn. at 350, 79 N.W.2d at 923 (footnotes omitted). Accordingly, the trial court correctly concluded that by filing their notices of intent to dissolve and articles of dissolution at the same time, appellants rendered their dissolutions ineffective.

2. Appellant corporations argue the district court erred by denying their motion for summary judgment on the issue of the individual liability of shareholders, directors, officers, and trustees in dissolution. The district court concluded this issue was not ripe for review because the administrative law judge should determine in the first place whether the appellant corporations were liable for the overpayments alleged by the Department. We agree. As the trial court reasoned, any determination on individual liability would be premature until corporate liability has been determined.

## DECISION

The Department's claims against appellant 301 corporations are barred, since those corporations properly dissolved and the Department's claims against them were untimely. The Department's claims against appellant 302A corporations are not barred, since those corporations did not properly dissolve and the Department's claims were timely.

Affirmed in part and reversed in part.