**OAK RIDGE CARE CENTER, INC., et al., Respondents,**

v.

**MINNESOTA DEPARTMENT OF HUMAN SERVICES, Petitioner, Appellant.**

**No. C4–89–1521.**

Supreme Court of Minnesota.

Aug. 31, 1990.

Rehearing Denied Nov. 6, 1990.

Hubert H. Humphrey, III, Atty. Gen., Julie K. Harris, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Michael A. LaFond, Richard J. Nagle, Susan M. Schaeffer, Broeker, Geer, Fletcher & LaFond, Ltd., Minneapolis, for respondents.

KELLEY, Justice.

We granted the petition of the Minnesota Department of Human Services to review only that portion of a decision of the court of appeals which reversed summary judgment entered in favor of the department with regard to its assertion that because certain Minn.Stat. ch. 301 (1982) corporations had not properly dissolved, its claims against them were not barred. We reverse that determination, thereby reinstating the summary judgment awarded the depart-

ment, but affirm the summary judgment entered in favor of the department with respect to certain other Minn.Stat. ch. 302A corporations.

The factual basis and procedural history are detailed in the decision of the court of appeals. *Oak Ridge Care Center, Inc. v. Minnesota Department of Human Services*, 452 N.W.2d 703 (Minn.App.1990). Summarily, the corporations are ten health care centers incorporated under Minnesota law who participated in a medical assistance program, receiving periodic reimbursements from the department. Beginning in 1972, the department issued rate determinations to the corporations in which it demanded repayment from them of nearly $1.4 million in medical assistance payments. The corporations objected to the department's claims for repayment, filed notices of appeal and then voluntarily dissolved without paying or attempting to settle the department's claims. Six of the corporations filed for dissolution pursuant to Minn.Stat. ch. 301 (1982) and it is that action of dissolution which has prompted our review.

 The trial court properly concluded that the chapter 301 corporations improperly dissolved because the department's rate determinations and demands for repayment constitute "debts" or "liabilities" pursuant to Minn.Stat. § 301.47, subd. 2 (1982), which the corporation's trustees had failed to resolve. Because of the improper dissolution, these corporations continue to exist as legal entities subject to the administrative rate determination process, *Kopio's, Inc. v. Bridgeman Creameries, Inc.*, 248 Minn. 348, 349–50, 79 N.W.2d 921, 923 (1956) and summary judgment in favor of the department with regard to its entitlement to pursue administrative remedies was appropriate. We therefore reverse the court of appeals' determination that the department's "actions" were not timely commenced within the 3–year limitation period of Minn.Stat. § 300.59 (1982).

Reversed in part and affirmed in part.